IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

ZACHARY T. MORRIS,

    Plaintiff,

vs.	CASE NO. 1:08CV208-MP/AK

GEORGE W. BUSH, et al,

    Defendants.

    _____/

## REPORT AND RECOMMENDATION

Plaintiff brings this cause *pro se* without paying the filing fee or filing a motion for leave to proceed in forma pauperis. (Doc. 1). While the present complaint asserts slightly different claims than a previously filed complaint, Case No. 1:07cv187-MP/AK, the present complaint is similarly baseless and concerns his student loans. Recommendations are pending in Case No. 1:07cv187-MP/AK that it be dismissed as well.

The Supreme Court in Neitzke v. Williams, 490 U.S. 319, 109 S. Ct. 1827, 1833, 104 L. Ed. 2d 338 (1989) recognized that a district court could *sua sponte* dismiss a case filed *in forma pauperis* (pursuant 28 U.S.C. § 1915(d)) if it was satisfied that the action was frivolous or malicious.[1] Neitzke recognized two types of cases which may be dismissed, *sua sponte*. In the first class are "claim(s) based on an indisputably

---

[1] 28 U.S.C. § 1915(d) was redesignated § 1915(e) by the Prison Litigation Reform Act.

meritless legal theory," and in the second class are "those claims whose factual contentions are clearly baseless." *Id.* Within the former are those cases in which it is either readily apparent that a complaint lacks an arguable basis in law or that defendants are clearly entitled to immunity from suit. Within the latter are those cases describing scenarios clearly removed from reality. Sultenfuss v. Snow, 894 F.2d 1277 (11th Cir. 1990)(citing Neitzke)[2].

Upon receiving a complaint with allegations equally as baseless as those presented within the case at bar, the district court in the Southern District of New York held that "[a] plaintiff asserting fantastic or delusional claims should not, by payment of a filing fee, obtain a license to consume limited judicial resources and put defendants to effort and expense." Tyler v. Carter, 151 F.R.D. 537, 540 (S.D.N.Y. 1993), *affirmed* 41 F.3d 1500 (2nd Cir. 1994)

> The policies arguing against sua sponte Rule 12(b)(6) dismissals do not apply in these circumstances. The author of claims as irrational as these cannot be regarded as subject to the economic incentive to refrain from frivolous actions imposed by filing fees and court costs upon rational paying litigants. . . . If this Court cannot order sua sponte dismissal of this complaint under Rule 12(b)(6), no district court can ever dismiss sua sponte any complaint under the Rule. I do not think that is the law.

Tyler, 151 F.R.D. at 540. Plaintiff in the case at bar has presented conclusory allegations that are clearly removed from reality and are frivolous. No Defendant should

---

[2] The Neitzke Court, however, contrasted such a dismissal with the situation in which a litigant paid the court's filing fees. In such a situation, the Court found the case could be dismissed under Fed. R. Civ. P. 12(b)(6); however, the Court did not decide whether a *sua sponte* dismissal was appropriate under Rule 12(b)(6). Precedent has now been set for such a dismissal.

**No. 1:07cv187-MP/AK**

be put to the expense of answering such a complaint, and there is no reason to await the filing of a motion for leave to proceed IFP for such claims.

Therefore, summary dismissal of this action is appropriate.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's complaint, doc. 1, be **DISMISSED** for failure to state a claim upon which relief may be granted.

**IN CHAMBERS** at Gainesville, Florida, this **1st** day of October, 2008.

*s/ A. KORNBLUM*
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.

**No. 1:07cv187-MP/AK**