IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

ZACHARY T. MORRIS,

    Plaintiff,

v.	CASE NO. 1:08-cv-00208-MP-AK

GEORGE W. BUSH, et al,

    Defendants.

_____/

## **O R D E R**

This matter is before the Court on Doc. 4, Report and Recommendation of the Magistrate Judge, which recommends that this cause be dismissed *sua sponte* under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief may be granted. The Plaintiff filed a memorandum in support of the complaint (doc. 5), a motion to extend time to file responses (doc. 5), a motion to extend time to file objections (doc. 7), objections to the Report and Recommendation (doc. 8), First Memorandum in Support (doc. 9), Second Memorandum in Support (doc. 10), Motion for Reconsideration (doc. 11), and Motion for Refund of Filing Fees (doc. 12).  The Court has reviewed these documents, and with regard to the Report and Recommendation and objections, pursuant to Title 28, United States Code, Section 636(b)(1), this Court must make a *de novo* review of those portions to which an objection has been made.

The Court agrees with the Magistrate that this cause should be dismissed *sua sponte* for failure to state a claim.  In Jefferson Fourteenth Assocs. V. Wometco de Puerto Rico, Inc., 695 F.2d 524 (11th Cir. 1983), the Court held that *sua sponte* dismissals are prohibited where: (1) the

defendant has not filed an answer and, thus, the plaintiff still has a right under Rule 15(a) to amend his or her complaint; (2) the plaintiff's claim is brought in good faith and is not vexatious or patently frivolous; and (3) the district court has yet to provide plaintiff with notice of its intent to dismiss the complaint and an opportunity to respond.  695 F.2d at 527; cf. Neitzke v. Williams, 490 U.S. 319, 330 n.8, 109 S. Ct. 1827, 104 L.Ed.2d 338 (1989) (declining to decide whether a district court has inherent authority to *sua sponte* dismiss a complaint under Rule 12(b)(6)).  The Court in Wometco distinguished the complaint in that case from those that "are so patently lacking in merit as to be frivolous."  Id. at 526 n.3.  The Court suggested in dicta that district courts have the inherent power to *sua sponte* dismiss such frivolous suits without giving notice to the parties.  Id.; see also Davis v. Kvalheim, 261 Fed.Appx. 231, 234 (11th Cir. 2008) (not reported) (affirming district courts' inherent authority to dismiss frivolous claims *sua sponte*).  Other courts have also taken the position that frivolous claims may be dismissed prior to the filing of an answer and without notice to the parties.  See, e.g., Tyler v. Carter, 151 F.R.D. 537, 540 (S.D.N.Y. 1993), affirmed 41 F.3d 1500 (2nd Cir. 1994) ("A plaintiff asserting fantastic or delusional claims should not, by payment of a filing fee, obtain a license to consume limited judicial resources and put defendants to effort and expense."); Slangal v. Getzin, 148 F.R.D. 691, 695 (D. Neb. 1993).

In the instant case, Plaintiff's numerous claims have no basis in fact; they are clearly removed from reality and are patently frivolous.  Previously, the Court dismissed closely related claims brought by the Plaintiff in 1-07-cv-187 as patently frivolous.  The Court agrees with the Magistrate that it is appropriate under these circumstances to dismiss Plaintiff's complaint prior to service of process.  Even if the Court were required to provide notice to Plaintiff prior to

dismissal, Plaintiff has been given an opportunity to file an objection to the Magistrate's Report and numerous other responses, all of which the Court has considered.

Additionally, the Court acknowledges that the Plaintiff paid a $350.00 filing fee in this case, see docket entry 1, stating that the fee was received and that receipt number FLN1-671 was issued to Plaintiff.  However, when a complaint is dismissed, the filing fee is not refunded to the Plaintiff.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

The Report and Recommendation of the Magistrate Judge, Doc. 4, is adopted and incorporated herein.  Plaintiff's complaint, Doc. 1, is dismissed with prejudice under Rule 12(b)(6) for failure to state a claim upon which relief may be granted.  All other pending motions are denied.

**DONE AND ORDERED** this  *9th*   day of December, 2008

*s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge